JONATHAN ALLAN KLEIN (SBN 162071)
jaklein@khiplaw.com
EILEEN M. RICE (SBN 203432)
erice@khiplaw.com
KLEIN, HOCKEL, IEZZA & PATEL P.C.
1981 North Broadway, Suite 220
Walnut Creek, CA 94596
Tel.: (415) 951-0535
Fax: (415) 391-7808

Attorneys for PLAINTIFF
Christian MacFarlane

DAVID M. CHUTE (SBN 136564)
dmchute@ww.law
WOLFE & WYMAN LLP
2301 DuPont Drive, Suite 300
Irvine, CA 92612-7531
Tel.: (949) 475-9200
Fax: (949) 475-9203

Attorneys for DEFENDANT
Citibank, N.A.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN MACFARLANE, an individual, | Case No.: 5:20-CV-09437-NC |
| Plaintiff, | **JOINT STATEMENT OF DISCOVERY ISSUES IN DISPUTE** |
| vs. | |
| CITIBANK, N.A.; and Does 1 to 100, inclusive, | |
| Defendants. | |
| CITIBANK, N.A., | |
| Third-Party Plaintiff, | |
| vs. | |

JOINT STATEMENT OF DISCOVERY ISSUES IN DISPUTE

4010756.1

|   |   |   |
|---|---|---|
| 1 | YAANA TECHNOLOGIES, LLC, a California Corporation, and Does 1 to 10, inclusive, | ) ) ) |
| 2 |  | ) |
| 3 | Defendants. | ) ) |
| 4 |  | ) |

The parties to the above-entitled action, Plaintiff CHRISTIAN MACFARLANE ("Plaintiff") and Defendant CITIBANK, N.A. ("Citibank"), hereby submit this JOINT STATEMENT pursuant to Magistrate Nathaniel M. Cousins' Scheduling Order.

## ISSUES IN DISPUTE

1. May a party stipulate to time limits and then unilaterally terminate the deposition before that time is over?

Plaintiff's Position: At the end of the first deposition session, due to Defendant Citibank's PMQ witness' unpreparedness to testify, the parties agreed on the record that Plaintiff could depose the witness in a second session for the remaining time (2.5 hours), plus five additional hours. Weeks later, defense counsel unilaterally declared he would produce the witness for no longer than four hours, but provided no reason; plaintiff rejected the limitation. Defense counsel repeated the attempted limitation at the deposition; although plaintiff again rejected it, at the end of four hours into the second session, counsel terminated the deposition (in the middle of questions) by instructing the witness not to answer any more questions and to turn off her Zoom. Plaintiff seeks to recover fees and costs associated with preparing for and appearing at the next session, as permitted by Rule 30, plus an additional four hours to complete the deposition (on top of the 3.5 hours of stipulated time remaining), plus sanctions against Citibank and its counsel.

Defendant's Position: *Federal Rules of Civil Procedure*, Rule 30(d)(1) limits the duration of a deposition to seven hours.

On June 25, 2021, Plaintiff took the deposition of Polly Wagner, Citibank's PMQ from 9:34 a.m. to 3:36 p.m.  This is a case wherein there does not seem to be facts in dispute regarding when and how Citibank was served with the levies and Citibank's response thereto.  Thus, seven

hours of deposition time is sufficient.  However, to be overly cooperative, defense counsel agreed to produce Ms. Wagner for another 7.5 hours (one session for four hours and one session for three and half hours).  Defense counsel informed on multiple occasions, including email correspondence of July 2 and July 20, Plaintiff's counsel that Ms. Wagner would be produced for two deposition sessions.  Plaintiff's counsel did not reject to Ms. Wagner being deposed over two more deposition sessions.  In fact, Plaintiff's counsel informed the Court with a July 27, 2021 filing through the Declaration of Eileen M. Rice that the next session of Ms. Wagner's deposition would be no longer than four hours in duration (Dkt. 36).

On July 28, 2021, Ms. Wagner was again produced for deposition.  During the deposition, defense counsel again informed Plaintiff's counsel that the deposition duration was four hours.  Defendant counsel further informed Plaintiff's counsel that it is difficult for a deponent to be deposed, including Ms. Wagner for more than seven hours and that Ms. Wagner was located in the Central time zone.  The four hour deposition session is necessary as Ms. Wagner is integral to the business and the management of the sixty people in her reporting line. The July 28 deposition concluded after four hours on the record.

Defense counsel remains willing to produce Ms. Wagner for another deposition for another three and half hours of deposition.

In sum, there is no basis, legally or factually, for Citibank to pay fees and costs for the next deposition session.

2.  May a party produce requested documents in such a fashion – illegible, late, piecemeal – that they cannot effectively be used in the deposition?

Plaintiff's Position. In response to Plaintiff's demands for production of documents, Defendant produced illegible and incomplete records, did not produce all responsive documents prior to the first PMQ deposition, did not produce further documents until days and hours before *and even after* the second session (PMQ identified additional responsive documents in both sessions), and outstanding documents remain, despite multiple meet and confer attempts. Plaintiff seeks an order for an additional four hours of time to depose the PMQ after all documents have been

produced, an order compelling immediate production of all responsive documents, plus fees and costs for attorney time spent preparing for multiple sessions necessitated by defendant's failures to produce documents in accordance with discovery rules.

Defendant's Position: Citibank has made a complete document production, including the production of document which are additional to that sought by Plaintiff. Citibank's document production exceeded 576 pages.

 Plaintiff possesses Citibank's document production; thus, it is unclear the purported issue in dispute.

 This discovery "dispute," including issue 2 is an apparent attempt to burden Citibank and unnecessarily increase attorney fees in the case. Plaintiff's discovery's efforts in this case have included directly contacting a Citibank employee in violation of the Professional Rules of Responsibility.

3. Should plaintiff be entitled to more time to depose the PMQ witness, where defendant's attorney objected to nearly every question as vague, including those which use the witness's own words?

Plaintiff's Position: Defense counsel objected to most questions directed to the PMQ as "vague," even when the questions cited text in Defendant's documents, or repeated the witness' own testimony or Citibank's own policies in their phrasing. The objections confused the witness, delayed the proceedings, and consumed inordinate amounts of record time. Plaintiff seeks an order instructing Defendant's counsel to refrain from frivolously objecting and granting Plaintiff four additional hours to depose the proffered witness.

Defendant's Position: Plaintiff's position that defense counsel objected to nearly every question as vague is a blatant false statement.

 The deposition objections at the June 25 and July 28, 2021 deposition sessions were well-taken. With one exception wherein the inquiry included attorney-client communications, there were no instructions to not answer a question. The asserted objections were stated only where appropriate and to preserve the objection.

In sum, there is no basis for any order relating to deposition objections. Purported Issue 3 is another attempt to burden Citibank and unnecessarily increase attorney fees in this case.

DATED: August 18, 2021						KLEIN, HOCKEL, IEZZA & PATEL P.C.

								/s/ Jonathan A. Klein*
								_____
								JONATHAN A. KLEIN
								EILEEN M. RICE
								Attorneys for Plaintiff
								CHRISTIAN MACFARLANE


DATED: August 18, 2021						WOLFE & WYMAN LLP.

								/s/ David M. Chute
								_____
								DAVID M. CHUTE
								Attorneys for Defendant
								CITIBANK, N.A.

*Pursuant to Local Rule 5-1(i), the filer attests that all signatories listed, and on whose behalf the filing is submitted, concurs in the filing's content and have authorized the filing.