UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN MACFARLANE,<br>　　　　Plaintiff,<br>　v.<br>CITIBANK, N.A.,<br>　　　　Defendant. | Case No. 20-cv-09437 BLF (NC)<br><br>**ORDER RE: EX PARTE COMMUNICATION TO COURT BY COUNSEL FOR PLAINTIFF** |

　　　　This Order concerns an email sent to my Courtroom Deputy on July 28, 2021, at approximately 10:49 a.m. addressed from attorney Nicole J. Policastro. The email identified Policastro as an attorney with Klein, Hockel, Iezza & Patel, P.C., which is counsel for the Plaintiff in this case. It was not apparent from the addressing of the email that it was copied to counsel for the Defendant. The text of the email: "Good Morning, There is a deposition currently in session in the above matter. There is a dispute that will require Magistrate Cousins to intervene. Please advise if the magistrate is available to have a call with the parties. Thank you, Nicole".

　　　　First, the Civil Local Rules of this Court generally prohibit ex parte (meaning, "without other party") communications with a Judge or the Judge's staff regarding a pending matter without prior or contemporaneous notice to opposing counsel. N.D. Cal. Civil L.R. 11-4(c), 1-5(d). Here, it was not apparent from the email that counsel for the Defendant had notice of the communication to the Court. I acknowledge that the Commentary to Local Rule 11-4(c) states that the Rule is not intended to prohibit communications with a Courtroom Deputy regarding "scheduling." But if a party is requesting me to "intervene" in a discovery dispute, that is more than scheduling.

Second, with limited exceptions, only members of the bar of this Court may practice in this Court. Civil LR. 11-1(a). And every member of the bar of this Court must comply with the Local Rules and the standards of professional conduct of the State Bar of California, and must practice with the honesty, care, and decorum required for the fair and efficient administration of justice. Civil L.R. 11-4(a). If a Judge has cause to believe that an attorney has engaged in unprofessional conduct, the Judge may do any or all of the disciplinary actions listed in Local Rule 11-6(a).

Here, I am not aware whether or not attorney Policastro is admitted to practice in this Court under Civil Local Rule 11. She has not filed an appearance and she is not listed as one of the attorneys for Plaintiff in the most recent case management statement, ECF 19.

Consequently, I order Plaintiffs' counsel to address the issues raised in this order in a responsive brief to be filed by August 27, 2021.

**IT IS SO ORDERED.**

Dated: August 20, 2021

_____
NATHANAEL M. COUSINS
United States Magistrate Judge