UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN MACFARLANE,<br><br>        Plaintiff,<br><br>    v.<br><br>CITIBANK, N.A.,<br><br>        Defendant. | Case No. 20-cv-09437 BLF (NC)<br><br>**ORDER ON DISCOVERY DISPUTE**<br>Re: ECF 38 |

This order follows a discovery letter brief (ECF 38), hearing (ECF 43), and my review of the deposition transcripts and scheduling emails (ECF 44 and 45) for the partially completed deposition of witness Polly Wagner. Wagner was Citibank's designated witness to testify on its behalf pursuant to Fed. R. Civ. P. 30(b)(6).

At the August 25, 2021, hearing, I addressed one of the discovery issues raised: whether Citibank had completed its document production in response to RFP set one. ECF 43.

This order resolves the remaining discovery disputes in ECF 38. The central dispute is how many additional hours of Wagner's deposition should be permitted. So far, Wagner has been deposed over parts of two days, totaling approximately 8.5 hours. Citibank's counsel ended the second day of the Wagner deposition at four hours, over

1  Plaintiff's objection.  Now Plaintiff requests 7.5 hours more, plus an order of sanctions
2  against Citibank and its counsel.  Citibank offers 3.5 hours of additional deposition and
3  disagrees that any sanction should be imposed.
4      The starting point of the legal analysis is Fed. R. Civ. P. 30(d)(1), which limits a
5  deposition to one day of 7 hours, unless otherwise stipulated or ordered.  But the court
6  "must allow additional time" if consistent with Rule 26(b)(1) and needed to fairly examine
7  the deponent, or if the deponent, another person, or any other circumstance impedes or
8  delays the examination.  As to a sanction, the court may impose an appropriate sanction on
9  a person who impedes, delays, or frustrates the fair examination of the deponent.  Fed. R.
10  Civ. P. 30(d)(2).
11      Plaintiff argues that Citibank backed out of an agreement as to the duration of the
12  second day of deposition.  A review of the emails and transcripts suggests that the
13  agreement was not as firm as Plaintiff reports.  In emails on July 2, 20, and 27, Citibank's
14  counsel offered Wagner for four hours more of deposition in the next session.   ECF 44.
15  On the other hand, Plaintiff's counsel threatened to file a motion for contempt the day
16  before the second session.  ECF 44 at 17.
17      Next, Plaintiff asserts that more time should be allowed because Citibank's counsel
18  impeded the deposition by objecting to "nearly every question" as vague.  ECF 38 at 4:14-
19  15.  When it comes to objections to questions during a deposition, "An objection must be
20  stated concisely in a nonargumentative and nonsuggestive manner."  Fed. R. Civ. P.
21  30(c)(2). During the first two sessions of the Wagner deposition, Citibank's counsel did
22  object to many of the questions as vague and compound.  But describing it as "nearly
23  every question" was an exaggeration.  In totality, the "vague" objections were not
24  argumentative or suggestive.  And while the objections added time to the deposition, so too
25  did Plaintiff's counsel's retorts and arguments.
26      In conclusion, the Wagner deposition should have been concluded in about seven
27  hours.  Counsel for both parties frustrated the process through excessive objections and
28  argument.  I find that permitting a further deposition not to exceed 3.5 hours is just.  This

should allow Plaintiff to discover relevant information that is proportional to the needs of the case under Fed. R. Civ. P. 26(b).  Plaintiff's request for an award of fees and costs and a sanction against Citibank and its counsel is denied.  All counsel are reminded of their obligation under Civil Local Rule 11-4 to "Practice with the honesty, care, and decorum required for the fair and efficient administration of justice."  I am hopeful that the Wagner deposition may be completed without need for further Court review.

**IT IS SO ORDERED.**

Dated:  August 31, 2021

_____
NATHANAEL M. COUSINS
United States Magistrate Judge