JONATHAN ALLAN KLEIN (SBN 162071)
jaklein@khiplaw.com
EILEEN M. RICE (SBN 203432)
erice@khiplaw.com
NICOLE J. POLICASTRO (SBM 337104)
npolicastro@khiplaw.com
KLEIN, HOCKEL, IEZZA & PATEL P.C.
1981 North Broadway, Suite 220
Walnut Creek, CA 94596
Tel.: (415) 951-0535
Fax: (415) 391-7808

Attorneys for PLAINTIFF
Christian MacFarlane

DAVID M. CHUTE (SBN 136564)
dmchute@ww.law
WOLFE & WYMAN LLP
2301 DuPont Drive, Suite 300
Irvine, CA 92612-7531
Tel.: (949) 475-9200
Fax: (949) 475-9203

Attorneys for DEFENDANT
Citibank, N.A.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN MACFARLANE, an individual, ) | Case No.: 5:20-CV-09437-BLF |
| ) | |
| Plaintiff, ) | **JOINT STATEMENT OF DISCOVERY** |
| ) | **ISSUES IN DISPUTE** |
| vs. ) | |
| ) | |
| CITIBANK, N.A.; and Does 1 to 100, ) | |
| inclusive, ) | |
| ) | |
| Defendants. ) | |
| ) | |

| | |
|---|---|
| CITIBANK, N.A., | ) |
| | ) |
|         Third-Party Plaintiff, | ) |
| | ) |
|    vs. | ) |
| | ) |
| YAANA TECHNOLOGIES, LLC, a California Corporation, and Does 1 to 10, inclusive, | ) ) ) |
| | ) |
|         Defendants. | ) |

The parties to the above-entitled action, Plaintiff CHRISTIAN MACFARLANE ("Plaintiff") and Defendant CITIBANK, N.A. ("Citibank"), hereby submit this JOINT STATEMENT pursuant to Magistrate Nathaniel M. Cousins' Scheduling Order.

## ISSUES IN DISPUTE

1. May a party refuse to respond to an entire set of Request for Production, and refuse to meaningfully meet and confer?

Plaintiff's Position: Citibank claims that it need no longer participate in producing any documents (RFP #2, served August 12, 2021) because its counsel subsequently drafted a proposed "Joint List of Stipulated Facts" that the bank claims resolves all issues in dispute. This unsolicited document was sent to Plaintiff's counsel *after* Defendant provided only objections and *after* Plaintiff contacted Defendant to meet and confer[1]; therefore, it could not constitute any good cause to refuse to respond to discovery. Plaintiff is entitled to all documents sought irrespective of the proposal Defendant offered, which Plaintiff rejected. Whatever the case, (i) the parties have not reached agreement on any facts in Citibank's proposed document; (ii) Citibank refuses to stipulate to liability, and (iii) making a proposal of facts does not excuse Citibank from producing relevant and responsive documents.

Among other things, RFP #2's twenty-six requests seek, for example, (i) documents related to "holds" placed on Yaana accounts following service of the levies; (ii) communications between

---

[1] Counsel met and conferred on October 14, 2021 on several discovery issues. Citibank refused to meaningfully meet and confer on the entirety of Plaintiff's RFP #2. Plaintiff inquired on multiple occasions (10/14, 11/2, 11/3) as to whether Citibank intended to produce the requested responsive documents. Defendant erroneously believes that it can propose a stipulation in lieu of providing responsive documents which are germane to the case – it is wrong.

branch and Legal Operations Department employees, or branch and Yaana employees, related to the levies; (iii) electronic data created by Citibank employees related to Yaana's accounts on the dates of levy; and critically, (iv) documents and data reflecting all transactions, including the time of day of the activity, on Yaana's accounts. Citibank put forth objections (served September 17, 2021) to <u>every single request,</u> and <u>refuses to produce</u> any responsive documents. Plaintiff seeks an order compelling the production of all responsive documents and, if necessary, additional time to depose Citibank's PMK regarding information discovered in the new production, plus sanctions for this frivolous conduct.

<u>Defendant's Position</u>: The claim that Plaintiff attributes to Citibank is erroneous as Citibank does not claim that it need no longer participate in producing documents because it drafted a joint list of stipulated facts.

Citibank does not refuse to respond to an entire set of request for production of documents. Citibank responded to Plaintiff's second set of request for production of documents on September 17, 2021.

Citibank does not refuse to meaningfully meet and confer. To the contrary, Citibank offered on numerous times ( 10/20, 10/21, 10/26, 11/2, 11/3 and 11/10 ) to meet and confer but Plaintiff's counsel refuses to meet and confer.

In an effort to avoid unnecessary discovery and conserve parties' resources, Citibank proposed a set of stipulated facts. It is Citibank's position that the only material facts in this case are (1) the dates that Citibank was served with writs of execution and (2) the funds in Yanna's accounts during the relevant timeframes. As that information can be determined by the documents already produced in this case, Citibank continues to believe that a joint stipulation of facts is the most efficient way to proceed. Thereafter on October 14, 2021, Plaintiff's counsel called to discuss various discovery matters wherein defense counsel inquired when Plaintiff would be responding to the proposed stipulated facts. Plaintiff's counsel did not know. Following October 14, Plaintiff has made it clear that he will not agree to any stipulated facts. Defense counsel has offered to meet and confer on numerous occasions; however, Plaintiff's counsel refuses. There has been no

discussion amongst counsel relating to the specific requests in Plaintiff's request for production of documents, set 2.

    2.  May a party refuse to respond to an entire set of document requests included in a Notice of Deposition for an employee witness that has been subpoenaed, and defense counsel will represent at the deposition?

Plaintiff's Position: The witness Ruby Chavez is a Citibank employee whom defense counsel has indicated he will represent at deposition. After multiple requests (10/14, 11/2, 11/3) and a meet and confer (10/14/21), on November 5, 2021 Defendant agreed to produce Ms. Chavez for deposition but has made no indication whether it will produce any of the requested documents. Despite multiple requests (10/6, 10/14, 11/2, 11/3, 11/5) including meet and confer correspondence and telephone call, Defendant will not produce any documents subpoenaed from the witness, who was involved in the handling and processing of multiple levies. Defendant has unilaterally determined that no documents requested in the Notice of Deposition are relevant to the matter despite testimony from its PMK that information regarding the handling and processing of particular levies is only known to the individuals involved. Ms. Chavez handled some of the first levies served on Citibank, and Citibank's PMK testified that the individuals who handled the levies would need to be questioned to see what they know about those levies. Defendant put forth objections to every single document request. Plaintiff seeks an order compelling the production of all responsive documents.

Defendant's Position: Citibank has agreed to produce Ms. Chavez for deposition on December 21, 2021, a date proposed by Plaintiff's counsel.

Citibank responded to the documents sought in the deposition notice. On numerous occasions, defense counsel proposed a meet and confer conference to discuss concerns with the requested documents and to ascertain Plaintiff's position. There has been no discussion regarding the specific document requests. Plaintiff's counsel refuses to meet and confer.

| | | |
|---|---|---|
| 1 | DATED: November 10, 2021 | KLEIN, HOCKEL, IEZZA & PATEL P.C. |
| 2 | | |
| 3 | | /s/ Jonathan Allan Klein |
| 4 | | _____ |
| | | JONATHAN ALLAN KLEIN |
| 5 | | EILEEN M. RICE |
| | | NICOLE J. POLICASTRO |
| 6 | | Attorneys for Plaintiff |
| | | CHRISTIAN MACFARLANE |
| 7 | | |
| 8 | DATED: November 10, 2021 | WOLFE & WYMAN LLP. |
| 9 | | |
| 10 | | /s/ David M. Chute |
| 11 | | _____ |
| | | DAVID M. CHUTE |
| 12 | | Attorneys for Defendant |
| | | CITIBANK, N.A. |

*Pursuant to Local Rule 5-1(i), the filer attests that all signatories listed, and on whose behalf the filing is submitted, concurs in the filing's content and have authorized the filing.